14457

McALHANEY v. SOUTHERN RY. COMPANY

(190 S. E., 519)

November, 1935.

*N. R. Smith* and *A. J. Hydrick*, for appellant,

*Messrs. Adam H. Moss* and *Frank G. Thompkins,* for respondents,

March 25, 1937.

The opinion of the Court was delivered by Mr. Justice Bonham.

This is an action for damages for injuries to person and property which plaintiff alleges he suffered through the negligence and recklessness and willfulness of the defendant's servants, agents, and employees.

The complaint alleges that plaintiff was crossing the tracks of defendant's railroad in the town of Branchville. He was traveling in an automobile along Highway No. 21; that, at the place where the highway crosses the tracks, the defendant's agents and servants backed a freight train across highway No. 21 into and upon the automobile in which plaintiff and his family were riding, completely demolishing the automobile and inflicting severe wounds, bruises, and lacerations upon plaintiff.

The acts of negligence and willfulness charged to the defendant are the failure to give the statutory signals in that it failed to ring the bell or blow the whistle; in that it had no flagman stationed on the rear of the train or at the crossing; in that it failed to have a flagman or other employee at the crossing to warn travelers of the shifting train which was being backed across a congested street in an incorporated town; in that it failed to use due and proper care while backing trains over a crossing; in that it failed to have the necessary trainmen with the train at the time and place, and under the conditions obtaining; in that it failed to comply with the ordinances of the town of Branchville in regard to this crossing; in that defendant maintained, and continues to maintain, certain buildings between the railroad tracks at this point, which obscure the view of approaching trains from travelers on said highway.

For a first defense, the answer admitted its corporate capacity; admitted so much of Paragraph 2 as alleges that plaintiff was traveling in his automobile at the place and time mentioned, and that the highway crosses defendant's tracks; denies each and every other allegation of that Paragraph.

For a second defense, it is alleged: That plaintiff was himself negligent, grossly negligent, reckless and willful in that he knew he was approaching a railroad crossing, over which trains frequently passed, with a heavily loaded trailer attached to his automobile, nevertheless, without stopping, looking, or listening, or taking any precaution for his own safety, or his automobile, or any of its occupants, he attempted to drive his automobile over the crossing at a high and dangerous speed, with defective brakes, and without having same under control, while one of defendant's trains was in plain and open view approaching said crossing; and when by the exercise of the slightest care he could have seen the approaching train and avoided collision; that said negligence, gross negligence, recklessness, and willfulness on

the part of the plaintiff combined and concurred with the supposed acts of negligence, recklessness, and willfulness on the part of the defendant and contributed to plaintiff's injuries, if he suffered any, as the sole and proximate cause thereof, and without which they could not have occurred.

The case was tried at the November, 1935, term of Court for Orangeburg County. At the conclusion of the testimony for the plaintiff, a motion for nonsuit was made by counsel for the defendant, and granted.

From the order of nonsuit, plaintiff appeals.

The motion for nonsuit was predicated upon two grounds, viz.:

(1) That there was no testimony to prove any of the material allegations of the complaint.

(2) The testimony is susceptible of no other reasonable inference than that the alleged injuries to plaintiff and his automobile were due to, and caused by his own negligence, gross negligence, recklessness, willfulness, and violation of law as the direct and proximate cause thereof.

Without elaboration, the order of nonsuit adopts these grounds as the basis of the order.

We have carefully read the testimony and analyzed it in connection with the map of the locus of the collision, and with equal care we have read the briefs of the attorneys for appellant and for respondent, and we are constrained to the conclusion that there is evidence relevant to some of the allegations of negligence charged to respondent which required that the case be submitted to the jury. It is proper that we say that there is evidence pertinent to the charge of contributory negligence on the part of the appellant, which is proper to be submitted to the jury.

Since the case must go back to be tried again, we refrain from discussing the evidence.

The order of nonsuit is reversed.

Mr. Chief Justice Stabler and Messrs. Justices Carter, Baker and Fishburne concur.